IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| TERRENCE A. ROUNDTREE | § | |
| VS. | § | CIVIL ACTION NO. 1:26-cv-194 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ORDER REGARDING TRANSFER</u>

Petitioner Terrence A. Roundtree, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

<u>Discussion</u>

On April 3, 2009, following a plea of guilty in open court before the 196th Judicial District Court of Hunt County, Texas, petitioner was convicted of aggravated assault of a public servant. Petitioner was sentenced to a term of ten years' deferred adjudication. *See Ex Parte Roundtree*, No. WR-86,227-01, 2017 WL 604074 (Tex. Crim. App. Feb. 15, 2017). Petitioner, however, asserts he pleaded "not true" to the claims lodged at subsequent revocation hearings. Petitioner was sentenced to a term of ninety-nine years' imprisonment in the Texas Department of Criminal Justice. The Fifth Court of Appeals affirmed his conviction. *Id.* Petitioner brings this petition asserting two grounds claiming that he was denied effective assistance of counsel, one ground that he was denied due process, and one ground that he was denied equal protection of the laws.

Pursuant to 28 U.S.C. § 2241(d), a petitioner may bring his petition for writ of habeas corpus in the district court for the district wherein such person is in custody or in the district court for the

district within which he was convicted.  Section 2241(d) further provides that the district court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice.

Petitioner is currently confined at the Stiles Unit in Beaumont, Texas.  However, petitioner was convicted and sentenced in Hunt County, Texas.  Pursuant to 28 U.S.C § 124, Hunt County is in the Dallas Division of the Northern District of Texas.

While jurisdiction is proper in the Eastern District of Texas because the prisoner is confined within the district court's territorial boundaries, the court has considered the circumstances and has determined that the interest of justice would best be served if this petition were transferred to the division in which the petitioner was convicted.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought.  Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion.  *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Since petitioner complains of a conviction which occurred in the Dallas Division of the Northern District of Texas and all records and witnesses involving this action may be located in the Northern District, the transfer of this action to such division would further justice.  Therefore, it is the opinion of the undersigned that this petition should be transferred to the United States District Court for the Northern District of Texas, Dallas Division.  An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

SIGNED this 26th day of May, 2026.

_____
Zack Hawthorn
United States Magistrate Judge